No. 2617

## Ex Rel. GOODMAN v. GREATHOUSE

September 6, 1923.                    217 Pac. 957.

1. CORPORATIONS—ISSUANCE OF STOCK BOTH WITH AND WITHOUT
   PAR VALUE UNAUTHORIZED.
   The general corporation law of March 16, 1903 (sec. 4,
   par. 4, as amended by Stats. 1923, p. 370), providing for issu-
   ance of stock either with or without par value, does not
   authorize stock both with and without par value.

ORIGINAL PROCEEDING by the State of Nevada, on the
relation of Booth B. Goodman and others, for a writ of
mandate against W. G. Greathouse, as Secretary of
State. **Proceeding dismissed.** SANDERS, J., dissenting.
**Petition for rehearing denied.**

*Booth B. Goodman,* for Petitioners:

The legislature intended to leave it to discretion of
incorporators to create any number of different classes
of stock. The proviso regarding stock without par
value is intended to apply where all shares are without
par value, but legislature did not intend that same cor-
poration could not also have shares with par value, and
this where stock with par value is preferred stock.

The practice of creating corporations having common
stock without par value and preferred stock with par
value is a modern development, so general and common
that legislature must be presumed to have known of it.
No reason can be urged against it. Many reasons
favor it.

*M. A. Diskin,* Attorney-General, and *Thos. E. Powell,*
Deputy Attorney-General, for Respondent:

We have been unable to find any decision bearing
directly on point here involved, therefore it is necessary
to revert to general and elementary principles. A
corporation cannot be formed under general law, except
as expressly authorized thereby, and an incorporation
act cannot be extended to cases which are not reasonably
within its terms. 14 C. J. 116; People v. Young Men's
Society, 1 N. W. 931.

No corporation can be organized in this state having
stock both with and without par value, unless expressly

authorized by section 4 of general corporation law, as amended by chapter 206, Statutes of 1923:

In the twenty or thirty states where corporations may have stock without par value, most, if not all, specifically provide that there may be both par- and nonpar-value stock, and therefore no such proceeding as this could possibly arise therein.

Where the secretary is required to see that articles are in proper form, he may not be compelled to approve such as are improper. 14 C. J. 139.

By the Court, DUCKER, C. J.:

This is an application by the relators for a writ of mandamus requiring the respondent, as secretary of state, to file in his office a certain instrument in writing, signed and acknowledged by relators and designated as articles of incorporation of "the Corporation Company." It appears from the petition that relators propose to form a corporation having 25,000 shares of common stock without par value and 10,000 shares of preferred stock of the par value of $10 per share. In this respect the articles of incorporation read:

"That the amount of total authorized capital stock of the corporation is and shall be as follows: Twenty-five thousand (25,000) shares of common stock, which said stock shall be known and designated as common stock and be without par value; also ten thousand (10,000) shares of stock of the par value of ten ($10) dollars per share, or a total authorized preferred stock of one hundred thousand ($100,000) dollars, which is and shall be preferred stock. The last-mentioned preferred stock shall confer the right to fixed cumulative preferred dividends at the rate of seven (7%) per cent per annum and the right to participate in the surplus profits of each year ratably with the holders of the common stock, and the right on dissolution or winding up to repayment of capital of said preferred stock and any arrears of dividends in preference and priority to common stock, and to participate in any surplus assets which may remain after paying off the remainder of the capital pari passu with the common stock in proportion to the amount held."

The question presented is whether, under the laws of this state, a corporation may be formed having capital stock with and without par value. The formation of corporations in this state, as to the essential matter to be set forth in the certificates of articles of incorporation, is governed by paragraph 4 of section 4 of "An act providing a general corporation law," approved March 16, 1903, as amended to 1923. Stats. 1923, p. 370. This paragraph reads as follows:

"The amount of the * * * authorized capital stock of the corporation, which shall not be less than two thousand dollars; the number of shares into which the same is divided, and the par value of each share; the amount of subscribed capital stock with which it will commence business, which shall not be less than one thousand dollars; the amount actually subscribed and the amount actually paid up, if any, and if there be more than one class of stock created by the certificate of incorporation, a description of the different classes with the terms on which the respective classes of stock are created, and the amount of each class subscribed and the amount paid thereon; *provided*, corporations may be formed without par value to the shares of their authorized capital stock, in each of which such cases, in lieu of the foregoing requirements of this subdivision of this section, it shall be stated: The amount or number of shares of authorized capital stock to be issued without par value; the number of shares actually subscribed, and the amount subscribed therefor, which shall not be less than two thousand shares, and if there be more than one class of stock created by the certificate of incorporation, the description of the classes so created, and the amount of each class subscribed, and the amount paid therefor; and upon the organization of any corporation without par value to the shares of its capital stock, the board of directors may, from time to time, fix the consideration for which any and all shares, except shares subscribed as aforesaid, and the terms under which the respective classes of stock, if there shall be more than one class of stock so created, shall be issued and held; and the consideration or the

terms so fixed, in the absence of fraud, shall be binding and conclusive, and any shares issued upon compliance with such terms, or upon payment of the consideration so fixed, or the amount subscribed as aforesaid, shall be held to be fully paid; *and provided*, that corporations without par value to their shares formed as aforesaid shall pay to the secretary of state, for the use of the state, the following fees and taxes: For the certificate or articles of incorporation, one hundred dollars, where such shares do not exceed one hundred thousand shares, and ten cents for each one thousand shares or fraction thereof in addition thereto; and for filing other papers relative to incorporation, such further fees and taxes shall be charged and paid as are now or may hereafter be provided by law; *provided, however,* that the provisions of this paragraph shall not apply to corporations not for profit, for which it is desired to have no capital stock; in case any such corporation desires to have no capital stock it shall be so stated, and the conditions of membership shall be also stated."

By section 3 of the act (3 Rev. Laws, p. 2672, sec. 1107) it is expressly made the duty of the secretary of state, if the certificate or articles of incorporation are not in the form prescribed by section 4 of the act, to return the same for correction. It is obvious that there is no express provision authorizing a corporation to be formed having shares of capital stock with par value and also shares of capital stock without par value. If the intent to empower a corporation to have both can be ascertained, it must therefore necessarily appear by implication. Where is there any language in the paragraph that will serve as a basis for such an implication? The first part of the paragraph in unmistakable terms requires that all of the shares of capital stock of a corporation must have a par value. The par value of each must be set forth in the certificate or articles of incorporation. Such has been the requirement of the paragraph ever since the passage of the original act in 1903. The first proviso of the paragraph, which is the result of the amendment of 1923, clearly provides for the formation of corporations without par value to the

shares of their capital stock. But its terms cannot be construed to authorize forming of a corporation which designates in its certificate or articles of incorporation both shares of capital stock with par value and without par value. It provides that the matters to be set forth in the articles of incorporation of corporations shall be in lieu of those required to be stated in the articles of incorporation of a corporation having a par value to its shares of capital stock as provided by the first part of the paragraph. The term "in lieu" is not equivocal in meaning, and clearly contemplates that the matters designated in the first part of the paragraph are no part of those required to be stated in the articles of incorporation by the first proviso. The latter are to be set forth in the articles in the place of the former.

Now, as to the scope of the first proviso: It reads in part, as we have heretofore set forth:

"Corporations may be formed without par value to the shares of their authorized capital stock, in each of which cases, in lieu of the foregoing requirements of this subdivision of this section it shall be stated. * * * "

This language seems unambiguous. To what does it allude? Unquestionably to the shares of authorized capital. It does not say a "portion" of the shares. It alludes to the shares, which means "all of the shares." Again quoting further from the proviso:

"Upon the organization of any corporation without par value to the shares of its capital stock. * * * "

What was the legislature dealing with by the terms of the language quoted? It was the organization of a corporation "without par value to the shares of its capital stock." By "its capital stock" it clearly referred to "all" of the capital stock. Quoting from the second proviso of the paragraph:

" * * * *And provided,* that corporations without par value to their shares formed as aforesaid, shall pay to the secretary of state, for the use of the state, the following fees and taxes. * * * "

To what does "their shares" allude? Clearly to the entire capitalization. It cannot refer to a corporation such as this, in whose behalf it is sought to have the

writ issue, for a part of its capital stock admittedly has a par value. The fourth paragraph of section 4 and section 10 permit corporations to create two or more classes of stock and it is insisted that par-value stock and nonpar-value stock are included in the term "class of stock" found in the first proviso. In this connection it must be noted that the provision for more than one class of stock is made in the first part of paragraph 4, which from the time of its enactment has expressly limited corporations to shares of capital stock of par value only. So, in respect to the language relied on by relators employed in section 10 of the act, which empowers corporations "to create two or more kinds of stock of such classes, with such designations, preferences, and voting powers or restrictions or qualifications thereof as shall be stated and expressed in the certificate or articles of incorporation or in any amendment or certificate of amendment thereof," this language has been in the corporation act since the beginning, and could not possibly have had reference to a classification of stock then unknown to the corporation law. The issuance of nonpar-value stock by a corporation was not authorized by the statute of any state prior to 1912. Thompson on Corporations (2d ed.), Cumulative Supplement. It is not to be presumed that the legislature intended to give the term "classes of stock" a broader scope in the first proviso of section 4 than in other parts of the act.

As the articles of incorporation under consideration are not in the form prescribed by said paragraph 4 of section 4 of the corporation law, it was the duty of the secretary of state to return the same for correction.

The proceedings must be dismissed.

It is so ordered.

COLEMAN, J., concurring:

I concur with the conclusion of both my esteemed associates that a corporation organized under the law of this state cannot have capital stock both with and without par value. And this seems to be the only question presented, notwithstanding the statement of the learned junior justice. This seems true for two reasons:

First, it is the only point made by the counsel for the petitioners, as indicated by the following language in his brief:

"It is the contention of petitioner that the corporation law of the State of Nevada, being subdivision 4 of section 4, as amended by the 1923 legislature, authorizes the formation of corporations having stock both with and without par value. This is the only question involved and presented to the court.   *   *   *  "

Secondly, for the further reason that it does not seem that any other question can be presented, in view of the allegations of the petition and the law. The chief justice has quoted the section of the law which authorizes the formation of corporations and he has quoted the provision of the certificate of incorporation which designates the character of the stock to be issued, from which it appears that it is sought to incorporate a company with 25,000 shares of common stock to be without par value; also, 10,000 shares of the par value of $10 per share. If this does not contemplate a corporation of both par- and nonpar-value stock, I am unable to understand the English language.

It is generally recognized that the purpose, at least the reason given for influencing the legislature in enacting laws authorizing the creation of corporations with nonpar-value stock, is that the unwary investor may not be misled by the fact that the stock of a corporation has a par value. In the face of this, it seems too evident to call for comment that the spirit of the law would be violated if a corporation can be organized with what may be designated nonpar-value stock and at the same time have a preferred stock with a par value.

Personally, I am of the opinion that the legislature never intended to authorize the incorporation of a company with such powers, and hence concur with the conclusion reached by the chief justice.

SANDERS, J., dissenting:

If the question for determination be as stated, namely, whether, under the laws of this state, a corporation

may be formed having capital stock with and without par value, I should answer the question, as does the learned chief justice, "No," because it is apparent from the amendment of subdivision 4 of section 4 of the general corporation law (Stats. 1923, p. 370) that in any case in which it is required by law that the par value of the shares of a corporation be stated, but the shares of such corporation are without nominal or par value, there shall be stated in lieu thereof that such shares are without par value, and there shall be stated in the certificate:

(a) "The amount or number of shares of authorized capital stock to be issued without par value; (b) the number of shares actually subscribed, and the amount subscribed therefor, which shall be not less than two thousand shares; (c) and if there be more than one class of stock created by the certificate of incorporation, the description of the classes so created; (d) and the amount of each class subscribed, and the amount paid therefor."

Here we are called upon to interpret a certificate which apparently endeavors to state substantially what is required to be stated in a certificate where the corporators desire to adopt the method of financing their corporation without any nominal or par value. The certificate states the number of shares to be issued without par value, the number of shares actually subscribed, and the amount subscribed therefor. It creates more than one class of stock, described as common stock without any value, and preferred stock with an expressed par value. It gives the amount of each class subscribed, and the amount paid or to be paid therefor. The question is whether the certificate is such a substantial compliance with the law as entitles it to be filed by the secretary of state.

It is claimed that, as the word "par" is not used in the proviso, the description of any class of stock created with an expressed "par value" vitiates the certificate. True, the word "par" is not used, but no other term defining what is meant by the word "amount" in the phrase, "and the amount of each class subscribed, and

the amount paid therefor," is used. Par value means face value. 3 Bouvier, Law Dictionary, p. 2444. We all know that it is a current phrase expressive of this idea. Conformably with this understanding of the word "par" as used in the certificate, it indicates the amount in dollars which the preference of the preferred shares shall have over any other class of stock created. Such preference not being negatived, and not being contrary to the statutes of this state, I see no reason why the certificate should not be filed.

My esteemed associates seem to lose sight of the fact that the only purpose for allowing the creation of more than one class of stock is to permit the corporators to give to one class preference over another class, if the corporators so desire.

I think the writ should issue.

### ON PETITION FOR REHEARING

October 4, 1923.

*Per Curiam:*
Rehearing denied.